UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TERA DONAHUE,<br><br>Plaintiff,<br>v.<br><br>FLEET FARM E-COMMERCE ENTERPRISES, LLC,<br><br>Defendant. | Case No. 2:20-cv-02029-CSB-EIL |

**JOINT STIPULATION FOR DISMISSAL OF ENTIRE ACTION WITH PREJUDICE PURSUANT TO F.R.C.P. 41(a)(1)(A)(ii)**

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff Tera Donahue ("Donahue") and Defendant Fleet Farm E-Commerce Enterprises, LLC ("Fleet Farm") (collectively, the "Parties"), hereby stipulate and jointly request that this Court enter a dismissal with prejudice of Donahue's Complaint in the above-entitled action, in its entirety, with the Court to retain jurisdiction over the parties and the action until June 1, 2022, for the sole purpose of enforcement of the parties' obligations under Section 2(C) of the Parties' Confidential Settlement Agreement and Release of Claims. Section 2(C) of the Confidential Settlement Agreement and Release of Claims reads as follows:

Fleet Farm shall, within twenty-four (24) months of the Effective Date ("the Remediation Period"), use good faith efforts to cause those portions of the Website or Websites that are covered by Title III of the ADA to be in a condition or state that allows individuals with disabilities within the meaning of the ADA to gain the same information with an ease of use substantially equivalent to that of a non-disabled person using the Website(s) ("**ADA Compliant**").  The Parties agree that being in substantial conformance with WCAG 2.0 Level AA or WCAG 2.1 shall constitute "ADA Compliant," but that substantial conformance with WCAG 2.0, Level AA or WCAG 2.1 is neither the test for ADA Compliance nor the sole method of achieving ADA Compliance.  The Parties further agree that, notwithstanding anything contained in this provision or in this Agreement, the Website(s) shall be permitted to link to Websites owned or operated by others containing Third-Party Content (as defined below) that may not be accessible to individuals with disabilities.  (The

term "**Third-Party Content**" refers to web content that is not developed, owned, or operated by Fleet Farm.) The Parties further agree that ADA Compliant shall include substantial conformance with any standard later established or recognized by the United States Supreme Court, any U.S. Circuit Court of Appeals or the U.S. Department of Justice. However, if a judicial, legislative or regulatory body enacts any legislation or rule, or if the United States Supreme Court or a U.S. Circuit Court of Appeals renders a decision, pursuant to which the Website(s) is/are not considered a place of public accommodation or business establishment under the Disability Laws, it is understood that Fleet Farm will be relieved of the obligations set forth in this Section 2(C). If Fleet Farm's ability to meet the deadline for compliance with this Section 2(C) is delayed by third-party vendors, acts of God, force majeure or other reasons that are outside of Fleet Farm's control, the deadline shall be extended for the length of the delay.

Dated: June 5, 2020

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Joseph T. Charron*
Joseph T. Charron
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
joseph.charron@ogletreedeakins.com

*Attorney for Defendant*

NYE, STIRLING, HALE & MILLER, LLP

By: *Benjamin J. Sweet*
Benjamin J. Sweet
1145 Bower Hill Road, Suite 104
Pittsburgh, Pennsylvania 15243
ben@nshmlaw.com

*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2020, the foregoing Joint Stipulation of Dismissal was electronically filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all counsel of record for all parties.

*/s Benjamin J. Sweet*
Benjamin J. Sweet
